CASE.

Case 10.

June 16.

Case stated.

Hord *vs.* Grimes.

APPEAL FROM FLEMING CIRCUIT.

Judge Hise delivered the opinion of the court.

1. The court is not bound to give an abstract opinion in the form of an instruction to the jury, though it be a correct principle which is asked.
2. A physician is responsible for all the ill consequences which may result from the administration of medicine to a slave without the consent of the owner.

The plaintiff Hord sued the defendant Grimes for having caused his negro man Bill to take and swallow poisonous drugs by reason whereof the slave became sick and died. The defendant denied the charge, the issue was presented to the jury, a verdict returned by them for the defendant. The plaintiff's motion for a new trial was overruled, and he has appealed to this court.

The plaintiff, pending the trial, moved the court to instruct the jury—

1. That the defendant had no right to administer medicine or drugs to the slave of the plaintiff without his consent.

2. That if they believe, from the evidence in the cause, that the defendant did administer drugs, medicine, or poison, to the slave of the plaintiff, *without his consent*, the defendant is liable for any injury resulting from giving such drugs, medicine, or poison.

The first instruction asked was refused by the court peremptorily. The second was only allowed to go to the jury with the following material modification, to-wit: "that although the jury may find Dr. Grimes administered medicine to the slave, he is not responsible, provided they further believe that, in his administering said medicine, he acted in good faith as a physician, for the purpose of curing the boy of disease."

If the proposition of law in the first instruction, as stated, be correct, the court, nevertheless, did not err in refusing it, because it must be regarded either as stating merely a rule of law as an independent proposition, without containing expressions showing, and asking for, its direct application to the case under trial, (in which form courts may properly refuse to instruct juries,) or it assumes, not hypothetically, but as an established fact, that the defendant had administered medicine or drugs to the plaintiff's slave, a fact, the establishment or rejection of which should have heen left to the jury to be determined upon the proof submitted, and assuming such fact to exist, the court is asked to tell the jury that such administration of drugs by defendant to plaintiff's slave, without his consent, is unlawful.

Therefore, had the court given the second instruction as asked, and without the qualification which was attached to it, there would have been no such error in refusing the first as would require a reversal of the judgment of the lower court. But the qualification attached to the second was erroneous and misleading, because it was calculated to have the effect to induce the jury to believe, that although they might find from the evidence, that the defendant intermeddled with the plaintiff's slave, and that he did administer to him drugs, *without* the consent of his master and owner, by which the life of the slave was lost, yet, unless the defendant was guilty of murder by poisoning the slave intentionally, or in the words of the modified instruction, if "in administering said medicine he acted in good faith as a physician, for the purpose of curing the boy of disease," he was not responsible. The second instruction should have been given without any qualification, and the modification thereof by the court was erroneous. In this case the plaintiff should recover the full value of his slave, if the hypothesis presented in the second instruction be true, and the same be satisfactorily proven to the jury.

HORD
vs.
GRIMES.

1. The court is not bound to give an abstract opinion in the form of an instruction to the jury, though it be a correct principle which is asked.

2. A physician is responsible for all the ill consequences which may result from the administration of medicine to a slave without the consent of the owner.

Wherefore, for the error of the court below in modifying, as was done, the second instruction asked by the plaintiff, the judgment is reversed, and cause remanded for a new trial, and further proceedings conformable to this opinion.

*Hord*, for appellant; *Dulin & Cavan*, for appellee.